United States District Court
Southern District of Texas
**ENTERED**
March 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XIU JUAN CHEN, | § § § | |
| *Plaintiff,* | § § | |
| | § | Case No. 4:22-cv-3673 |
| v. | § § | |
| AMGUARD INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

## ORDER ON MOTION TO COMPEL APPRAISAL

Plaintiff Xiu Juan Chen ("Chen") filed a motion to compel appraisal against its insurer, Defendant AmGuard Insurance Company ("AmGuard"). Dkt. 7. Relatedly, AmGuard asks the Court to reconsider its prior order striking AmGuard's untimely response to the motion to compel appraisal and requests leave to file the response that was stricken. Dkts. 12, 13; *see also* Dkt. 10 (previous response with exhibits); Dkt. 11 (order striking Dkt. 10). After reviewing the parties' submissions and the applicable law, the Court grants AmGuard's motion for reconsideration and motion for leave to file a response and grants Chen's motion to compel appraisal.

## Background

This is an insurance coverage dispute. In March 2021, Chen filed a claim for roof damage under an insurance policy with AmGuard. Dkt. 1 ¶ 1. After an investigation, AmGuard's third-party administrator sent Chen a letter denying the claim, asserting that the damage resulted from "wear, tear, [and] deterioration" that are excluded under the policy. Dkt. 10-2. AmGuard then closed the claim. Dkt. 10-3.

In February 2022, Chen's counsel sent a letter to AmGuard demanding appraisal. Dkt. 10-4. AmGuard rejected Chen's request, asserting "this is a coverage issue and not a price/scope issue." Dkt. 10-5 at 1.

In September 2022, Chen sued AmGuard in state court, asserting claims for violations of the Texas Insurance Code, Deceptive Trade Practices Act, and common law duty of good faith and fair dealing, and claims for breach of contract, fraud, and civil conspiracy. Dkt. 1-3 at 3. AmGuard timely removed the action to this Court. Dkt. 1. Chen then filed a motion to compel appraisal. Dkt. 7. After the motion was ripe for resolution, the Court directed Chen to submit a copy of the insurance policy. Dkt. 9 (order). Chen did not do so.

Instead, AmGuard filed a response to the motion to compel appraisal, Dkt. 10, which was stricken as untimely, Dkt. 11. AmGuard then filed a motion for reconsideration of the order striking its response and a motion for leave to file the response. Dkts. 12, 13. Chen did not respond to either motion.

## Analysis

I. **The Court grants reconsideration and leave for AmGuard to file its response to the motion to compel appraisal.**

As a threshold matter, AmGuard seeks reconsideration of the Court's prior order (Dkt. 11) striking AmGuard's tardy response to Chen's motion to compel appraisal. Dkt. 13. In conjunction with that request, AmGuard also moved for leave to file its response (filed as Dkt. 10), asserting that counsel inadvertently overlooked the deadline and only realized that its response was untimely after the Court ordered that it be stricken. Dkt. 12 at 1-2.

This Court may extend a deadline after its expiration upon finding "good cause" and "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (internal quotation marks omitted). Even if good cause and excusable neglect are shown, the court retains discretion to determine whether an extension of time is warranted. *See McCarty v. Thaler*, 376 Fed. App'x 442, 443-44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

Although AmGuard's counsel attributes the delay to a mistake by a legal

assistant,[1] Dkt. 12 at 1-2, the Court cautions that it is *counsel's* duty to keep track of all pertinent deadlines. That responsibility falls squarely within counsel's reasonable control. Nonetheless, the Court finds that counsel acted in good faith, that AmGuard's delay has not inordinately impacted these proceedings, and that allowing AmGuard's late response will not prejudice Chen. In fact, despite nominally opposing AmGuard's requests, Chen presented no arguments in favor of denying AmGuard an opportunity to respond to Chen's motion to compel appraisal. Moreover, AmGuard's proposed response attaches a copy of the insurance policy at issue, which would assist the Court's resolution of the issues raised in Chen's pending motion.

The Court therefore finds that AmGuard has shown good cause and excusable neglect for failing to timely file its response. The prior order striking AmGuard's response (Dkt. 11) is therefore vacated, and AmGuard's response (Dkt. 10) is reinstated on the record.

## II. The parties' dispute over coverage does not negate Chen's entitlement to appraisal.

On the merits, the parties dispute whether Chen is entitled to compel AmGuard to undertake the contractual appraisal process for determining the amount of loss to Chen's property. While Chen asserts that appraisal is

---

[1] Counsel also mentions contracting an illness, but that occurred after the acknowledged deadline of January 12, 2023 for filing a response had expired. Dkt. 12 at 1-2 (asserting that counsel was ill from January 18, 2023 to February 3, 2023).

warranted, Dkt. 7 ¶¶ 6-8, AmGuard counters that the lack of coverage for Chen's loss negates the entitlement to appraisal, Dkt. 10 ¶¶ 8-17.

The question here is whether Chen's entitlement to demand appraisal under the policy has been triggered. The operative sentence states: "*If you and we fail to agree on the amount of loss*, either may demand appraisal of the loss." Dkt. 10-6 at 20 (emphasis added). Although not squarely addressed by either side, the language of this appraisal clause makes the parties' disagreement "on the amount of loss" a condition precedent to demanding appraisal.

"A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex. 1992). "While no particular words are necessary" to create a condition precedent, "such terms as 'if', 'provided that', 'on condition that', or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise." *Navarro v. State Farm Lloyds*, 2015 WL 12778688, at *4 (S.D. Tex. May 4, 2015). In this case, the appraisal provision specifies that a party can demand appraisal "if" both Chen and AmGuard "fail to agree on the amount of loss." This language creates a condition precedent that requires Chen to show that the parties have failed to agree on the amount of loss before appraisal is warranted.

Invoking *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009), and related cases, Chen maintains that the parties have, in fact, disagreed about

5

the amount of loss, thereby triggering the appraisal clause. Dkt. 7 ¶¶ 20-22 (discussing *Johnson* and *In re Southern*, 2011 WL 846205 (Tex. App.—Beaumont 2011, orig. proceeding)). AmGuard responds that the "amount of loss" is not at issue; rather, AmGuard maintains that the loss is not covered because it was caused by wear and tear alone. Dkt. 10 ¶¶ 7-17.

AmGuard's attempt to avoid appraisal by focusing on the cause of the asserted loss does not comport with the Texas Supreme Court's decision in *Johnson*. There, the Court emphasized that the appraisal process "necessarily includes some causation element, because setting the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Johnson*, 290 S.W.3d at 893. This is true when—as here—"the causation question involves separating loss due to a covered event from a property's pre-existing condition." *Id.* at 892. And even "[w]hen an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong." *Id.* at 894.

Moreover, nothing indicates that coverage is "so unlikely" here that appraisal will never be needed. *See id.* at 895. AmGuard therefore "cannot avoid appraisal at this point merely because there might be a causation question that exceeds the scope of appraisal." *Id.* at 894. Appraisal is warranted to determine the "amount of loss," even if the ultimate causation and coverage determinations are reserved to the Court post-appraisal. *See,*

6

*e.g.*, *Duncan v. GeoVera Specialty Ins. Co.*, 2021 WL 2376609, at *2-3 (S.D. Tex. June 10, 2021) (rejecting insurer's similar request to deny appraisal because of questions regarding causation); *Mozlan, Inc. v. United Fire & Cas. Co.*, 2009 WL 2215092, at *4 (S.D. Tex. July 23, 2009) ("As in *Johnson*, the insured cannot avoid appraisal at this point merely because there could be a causation question outside the appraisal's scope.") *In re Southern*, 2011 WL 846205, at *2 (rejecting insurer's request to deny appraisal because the damage to the covered property was not a covered loss).

For these reasons, the record demonstrates that the parties have, in fact, disagreed about the "amount of loss," notwithstanding AmGuard's position that the damage to Chen's property stems from a non-covered cause. Because the condition precedent to invoking appraisal has been satisfied, the Court grants Chen's motion to compel appraisal.

### III. This suit should be stayed until the appraisal is complete.

Chen also requests that the proceedings be stayed until the appraisal process concludes. Dkt. 7 ¶ 35. Indeed, "[a]ppraisal is intended to take place before suit is filed" and is treated as a "condition precedent to suit." *Johnson*, 290 S.W.3d at 894. Given the early posture of this case, and to avoid the potentially unnecessary expenditure of resources, the Court grants Chen's motion to stay the proceedings pending appraisal. *See Mozlan, Inc.*, 2009 WL 2215092, at *4-5 (granting same relief sought by an insured).

IV.     **Chen is not entitled to attorneys' fees for compelling appraisal.**

Chen requests an award of reasonable attorney's fees for compelling appraisal. Dkt. 7 ¶ 37. But AmGuard correctly notes that Chen cites no legal basis for this request. Dkt. 10 at 8.

Attorneys' fees "may not be recovered unless provided for by statute or by contract between the parties." *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). The insurance policy does not authorize recovery of attorneys' fees for successfully compelling appraisal. Texas law does permit a party who prevails on a breach of contract claim to recover reasonable attorneys' fees. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). Those fees are not available, however, unless the party also recovers actual damages. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004) (per curiam) (holding claimant's failure to recover actual damages on a breach-of-contract claim foreclosed recovery of attorneys' fees). The attorneys' fees themselves do not constitute damages. *See In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (orig. proceeding) ("While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make the claimant whole, they are not, and have never been, damages.").

Here, Chen has neither asserted nor proved any actual damages resulting from AmGuard's refusal to undergo the contractual appraisal process. Thus, even assuming that Chen could be characterized as a party who

8

prevailed on a breach of contract claim—at least with respect to compelling appraisal—there is still no basis for awarding Chen any attorneys' fees. Chen's request for such fees is therefore denied.

## CONCLUSION

For the foregoing reasons, is it **ORDERED** that Defendant AmGuard Insurance Company's motion for reconsideration (Dkt. 13) of the Court's February 9, 2023 order (Dkt. 11) striking AmGuard's response to the motion to compel appraisal is **GRANTED**, and AmGuard's further motion for leave (Dkt. 12) to file the response is also **GRANTED**. Accordingly, the Court's February 9, 2023 order (Dkt. 11) striking AmGuard's response is hereby **VACATED** and AmGuard's response (Dkt. 10) is hereby **REINSTATED**.

It is further **ORDERED** that Plaintiff Xiu Juan Chen's motion to compel appraisal (Dkt. 7) is **GRANTED IN PART** and **DENIED IN PART**, as follows. The parties are hereby **ORDERED** to conduct appraisal promptly pursuant to the policy. The suit is hereby **STAYED** until the appraisal process is complete. Chen's further request for attorneys' fees, however, is **DENIED**.

Signed on March 16, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge